Filed 4/16/21  Stein v. Black Diamond Supplements CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ZACHARY STEIN,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>BLACK DIAMOND SUPPLEMENTS, LLC,<br><br>　　　　Defendant and Respondent. | B308482<br><br>(Los Angeles County Super. Ct. No. 20STCV21674) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara Scheper, Judge.  Reversed.

KCJ Law Group and Kevin J. Cole; Tauler Smith and Robert Tauler for Plaintiff and Appellant.

Murphy, Campbell, Alliston & Quinn, Mariel Covarrubias, and Kristen A. Johnson for Defendant and Respondent.

—————————————

# INTRODUCTION

Zachary Stein filed an action against Black Diamond Supplements, LLC, asserting a single cause of action for violation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (Health & Saf. Code, § 25249.5 et seq., as approved by voters, Gen. Elec. (Nov. 4, 1986), commonly known as Proposition 65). Stein alleged Black Diamond sells a muscle building compound that contains androstenedione, but does not give consumers a clear and reasonable warning that androstenedione is a chemical known to cause cancer. The trial court sustained Black Diamond's demurrer without leave to amend. We reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

A.   *Proposition 65 Requires the Governor To Keep a List of Cancer-causing Chemicals*

Proposition 65 prohibits any person "in the course of doing business" from "knowingly and intentionally expos[ing] any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual . . . ." (Health & Saf. Code, § 25249.6.)[1] Proposition 65 "requires the Governor to publish 'a list of those chemicals known to the state to cause cancer or reproductive toxicity within the meaning of this chapter,' and to have the list revised and republished at least annually." (*American Chemistry Council v. Office of Environmental Health Hazard Assessment* (2020) 55 Cal.App.5th 1113, 1140; see

---

[1]   Undesignated statutory references are to the Health and Safety Code.

§ 25249.8.)  This list "is commonly referred to as the 'Proposition 65 list.'"  (*California Chamber of Commerce v. Brown* (2011) 196 Cal.App.4th 233, 238.)  The Governor has designated the California Environmental Protection Agency Office of Environmental Health Hazard Assessment (OEHHA) as the lead agency responsible for implementing Proposition 65.  (*American Chemistry Council*, at p. 1140; see § 25249.12; Cal. Code Regs., tit. 27, § 25102, subd. (o).)

B.  *Androstenedione Is on the List*

On May 3, 2011 OEHHA added androstenedione to the list of chemicals known to the state to cause cancer.  (See Cal. Code Regs., tit. 27, § 27001.)  Androstenedione is a "[p]recursor to male and female sex hormones produced by the human body" and is used as a "dietary supplement" to enhance performance.  (Cal. Environmental Protection Agency, Office of Environmental Health Hazard Assessment, Notice of Intent to List: Androstenedione, Dibromoacetonitrile, Hexachlorobutadiene, and Malonaldehyde, Sodium Salt (Mar. 4, 2011), p. 1.)  Androstenedione is classified as an "anabolic steroid," a Schedule III controlled substance, under the federal Controlled Substances Act.  (21 U.S.C. § 802 (41)(A)(iv); see 21 U.S.C. §§ 801, 812; 21 C.F.R. § 1308.13(f).)  According to OEHHA's

3

official website, androstenedione has the following chemical structure:

(Office of Environmental Health Hazard Assessment, The Proposition 65 List, Androstenedione <https://www.oehha.ca.gov/proposition-65/chemicals/androstenedione> [as of Apr. 14, 2021] archived at <https://perma.cc/6LPH-2AW4>.)

C.    *Stein Sues Black Diamond Under Proposition 65*

Stein filed this action against Black Diamond, alleging Black Diamond sells "a muscle building compound called 'Monster Plexx by Innovative Labs,'" which it markets as a "'powerful blend of five anabolic compounds'" for "'massive gains in size and strength.'"  Stein alleged that Monster Plexx "contains [Black Diamond's] Androstenedione (4-Androstene-3ß-ol,17-one)" and that "4-Androstene-3ß-ol,17-one is considered a synonym for Androstenedione."  He also alleged (perhaps inconsistently) that "4-Androstene-3ß-ol,17-one . . . converts to Androstenedione when ingested in the human body."  Stein claimed Black Diamond sold Monster Plexx without providing a "clear and reasonable warning" of the health hazards associated with exposure to androstenedione, in violation of Proposition 65.

Black Diamond demurred to the complaint, arguing that 4-Androstene-3ß-ol,17-one, "the chemical that is actually contained in" Monster Plexx, "is not Androstenedione," the

4

chemical requiring a warning under Proposition 65.  Citing
*Consumer Cause, Inc. v. Weider Nutrition Internat.* (2001)
92 Cal.App.4th 363 (*Consumer Cause*), Black Diamond argued a
plaintiff cannot state a cause of action under Proposition 65 by
alleging a chemical that is not on the Proposition 65 list "is
converted by the body into [a] chemical" that is on the
Proposition 65 list.  The trial court sustained Black Diamond's
demurrer without leave to amend and entered a signed order
dismissing the complaint with prejudice.  Stein timely appealed.

## DISCUSSION

A.     *Standard of Review*

"In reviewing an order sustaining a demurrer, we examine
the operative complaint de novo to determine whether it alleges
facts sufficient to state a cause of action under any legal theory."
(*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145,
162; accord, *Ko v. Maxim Healthcare Services, Inc.* (2020)
58 Cal.App.5th 1144, 1149, petn. for review pending, petn. filed
Jan. 29, 2021, S266903.)  "In making this determination, we must
accept the facts pleaded as true and give the complaint a
reasonable interpretation."  (*Mathews v. Becerra* (2019) 8 Cal.5th
756, 762; accord, *Ko*, at p. 1150.)

B.     *The Trial Court Erred in Sustaining the Demurrer*

As discussed, Proposition 65 prohibits any person in the
course of doing business from knowingly and intentionally
exposing any individual to a chemical known to cause cancer,
such as androstenedione, without first giving a clear and
reasonable warning.  (See § 25249.6; Cal. Code Regs., tit. 27,

5

§ 27001.)  To "expose" an individual to a chemical includes causing the individual "to ingest . . . or otherwise come into contact with [the] chemical." (Cal. Code Regs., tit. 27, § 25102, subd. (i).)  Stein alleged that Monster Plexx contains androstenedione, that Black Diamond knows Monster Plexx contains androstenedione, and that Black Diamond sells Monster Plexx as a muscle building compound, i.e., knows and intends consumers will ingest Monster Plexx.  These allegations state facts sufficient to constitute a state a cause of action for violating section 25249.6.

As Black Diamond correctly points out, Stein also alleged 4-Androstene-3ß-ol,17-one, which is contained in Monster Plexx, "converts" to androstenedione in the body after ingestion.  In *Consumer Cause*, *supra*, 92 Cal.App.4th 363 a consumer group brought an action against the manufacturers of products that contained two chemicals that were not on the Proposition 65 list but that, when ingested, increased the levels in the body of testosterone, a chemical that was, and still is, on the Proposition 65 list.  (*Consumer Cause,* at pp. 365, 368; see Cal. Code Regs., tit. 27, § 27001.)  The court in *Consumer Cause* held that "exposure" for purposes of section 25249.6 occurs "'at the first point at which the body connects with a chemical from outside the body,'" but "'does not include what happens inside the body to transform the chemical into something else.'"  (*Consumer Cause,* at p. 369.)  Therefore, the court concluded that the product did not expose individuals to a chemical known to cause cancer.  (*Id.* at p. 371.)

To the extent Stein's theory of liability is that Monster Plexx contains a chemical different from androstenedione that is not on the Proposition 65 list but that converts into

6

androstenedione when ingested, Stein may not have alleged facts sufficient to constitute a cause of action under *Consumer Cause* (an issue we do not reach here). But that was not Stein's (only) theory. Stein also alleged multiple times that Monster Plexx "contains" androstenedione. Stein did allege in one paragraph that 4-Androstene-3ß-ol,17-one converts into androstenedione when ingested, but he also alleged in a different paragraph that 4-Androstene-3ß-ol,17-one is simply a synonym for androstenedione—i.e., that 4-Androstene-3ß-ol,17-one and androstenedione are the same chemical. Giving Stein's allegations a reasonable interpretation, and recognizing that the complaint does not include a detailed analysis of the chemical composition and nature of the compounds (an analysis more appropriate for summary judgment), Stein alleged alternative theories of relief: first, that 4-Androstene-3ß-ol,17-one is different from androstenedione but converts into androstenedione when ingested; second, that 4-Androstene-3ß-ol,17-one is actually the same chemical as androstenedione. Stein may plead both theories, even if inconsistent. (See *Adams v. Paul* (1995) 11 Cal.4th 583, 593 ["a party may plead in the alternative and may make inconsistent allegations"]; *Teva Pharmaceuticals USA, Inc. v. Superior Court* (2013) 217 Cal.App.4th 96, 109 ["California law permits [a plaintiff] to plead inconsistent facts"]; *Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402 ["When a pleader is in doubt about what actually occurred or what can be established by the evidence, the modern practice allows that party to plead in the alternative and make inconsistent allegations."].) Stein's allegations stated facts sufficient to constitute a cause of action under the second theory.

Black Diamond argues that determining whether 4-Androstene-3ß-ol,17-one is a synonym for androstenedione is a "purely legal task." OEHHA's website identifies certain synonyms for androstenedione, but does not list 4-Androstene-3ß-ol,17-one as one of them; therefore, according to Black Diamond, the court can determine as a matter of law that 4-Androstene-3ß-ol,17-one is not a synonym for androstenedione. Black Diamond's argument misses the mark. Proposition 65 requires businesses to warn individuals when it exposes them to chemicals known to cause cancer, not when it uses specific nomenclature in its product labels or marketing. (§ 25249.6; see *American Chemistry Council v. Office of Environmental Health Hazard Assessment*, *supra*, 55 Cal.App.5th at p. 1140 [Proposition 65 "'imposes severe penalties upon those who contaminate drinking water with carcinogenic and toxic chemicals and who expose individuals to such chemicals without warning'"]; *Styrene Information & Research Center v. Office of Environmental Health Hazard Assessment* (2012) 210 Cal.App.4th 1082, 1087 ["Once a chemical is placed on the list, businesses that manufacture, import or use such chemicals are subject to various restrictions."].) Whether Monster Plexx contains the chemical listed on the Proposition 65 list as androstenedione is a factual question, regardless of whether Black Diamond refers to the chemical as "Androstenedione," "4-Androstene-3ß-ol,17-one," "5-Androstene-$4\gamma$-ol,18-one," or something else.

Black Diamond also contends that 4-Androstene-3ß-ol,17-one, "as its name shows," differs in chemical composition from androstenedione. It may very well be that 4-Androstene-3ß-ol,17-one is a different chemical than the chemical listed on the Proposition 65 list as androstenedione. But with the possible

8

exception of "simple and well known binary compounds such as water ($H_2O$) and carbon dioxide ($CO_2$)," the name of a chemical does not establish its chemical composition as a matter of law. (*People v. Davis* (2013) 57 Cal.4th 353, 361; see *ibid.* [where a drug is "not specifically listed in any schedule, evidence of [the drug's] chemical name, standing alone, is insufficient to prove that it contains a controlled substance or meets the definition of an analog"].) As the Supreme Court stated in *Davis*, "It may be widely accepted within the scientific community, and verifiable by resort to technical reference works, that a chemical name reflects its component elements. Yet many scientifically accepted facts remain far beyond the common knowledge of laypersons," and "[c]ustomarily, such information is presented to the jury through qualified witnesses, subject to cross-examination." (*Ibid.*)

Stein alleged in his complaint that 4-Androstene-3ß-ol,17-one and androstenedione are the same. On demurrer, we must accept Stein's allegation as true, even if, as a matter of organic chemistry, it is unlikely or improbable. (See *Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.5th 270, 280 ["In considering the merits of a demurrer, . . . 'the facts alleged in the pleading are deemed to be true, however improbable they may be.'"]; *Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406 ["Because a demurrer tests only the legal sufficiency of the pleading, we accept as true even the most improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove its factual allegations."].) And which chemical(s) Monster Plexx actually contain(s) is a factual question we cannot resolve on demurrer.

## DISPOSITION

The judgment is reversed.  Stein is to recover his costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.